UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DIAMOND HANDS CONSULTING LTD.,                              :
                                                            :
                Plaintiff,                           :
                                                            :
                v.                                   :   No. 21 CV 11223
                                                            :
KYLE R. BONGERS (a/k/a "BTCVIX" AND                         :
"DARTHVIX"); HURLEY BLAKE STARLING                          :
(a/k/a "DR. CRYPTO VENDOR"); AND JOHN                       :
DOE 1;                                                      :
                                                            :
                Defendants.                          :
------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

WHEREAS, the Court has considered Plaintiff Diamond Hands Consulting Limited's (together with its predecessors in interest, "DHC"), Motion for Preliminary Injunction (the "Motion"), and has reviewed the evidence before it.

WHEREAS, Plaintiff, through its Motion and supporting evidence, has demonstrated a likelihood of success on the merits of its claims against Defendants for federal false designation of origin, federal false advertising, federal trademark cyberpiracy, common law trademark infringement, and violations of New York General Business Law's prohibitions on unfair competition, deceptive acts and practices, and dilution because the Court finds that: (1) Plaintiff has a protectable interest in its SATOSHISTREETBETS trademark; (2) Defendants are not licensed or otherwise authorized to use Plaintiff's SATOSHISTREETBETS trademark; (3) Defendants' infringing uses of the SATOSHISTREETBETS trademark in connection with their online communities and related goods and services, including the SatoshiStreetBets Token ("$SSB") and SatoshiStreetBets non-fungible tokens ("NFTs"), are causing a likelihood of

confusion as to origin, affiliation, association, or sponsorship between Defendants and Plaintiff. In addition, the Court finds that Defendants' false promotions of its goods and services as "the only" and/or "the original" SATOSHISTREETBETS are literally false and material to consumer decisions to join a particular online community and/or purchase related goods and services, such as crypto-tokens or NFTs.

WHEREAS, Defendants' continued and unauthorized use of SATOSHISTREETBETS irreparably harms Plaintiff by unfairly capitalizing on and diminishing the goodwill of Plaintiff's SATOSHISTREETBETS trademark, impairing the signifying power of the SATOSHISTREETBETS trademark and diminishing Plaintiff's potential sales opportunities, including its sales opportunities with respect to SatoshiSwap, the official cryptocurrency of SATOSHISTREETBETS.  In addition, Defendants' false promotions of its online community and related products as "the original" or "the only" SATOSHISTREETBETS irreparably harms Plaintiff by diminishing Plaintiff's potential sales opportunities, as well as the potential growth of Plaintiff's online communities.

WHEREAS, monetary damages fail to adequately address this harm, and therefore Plaintiff has no adequate remedy at law.

WHEREAS, the balance of harms associated with this Preliminary Injunction favors Plaintiff, and the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.  *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 193 (1985) ("[A] sound public policy requires that trademarks should receive nationally the greatest protection that can be given them."); *Goat Fashion Ltd v. 1661, Inc.*, No. 19 Civ. 11045, 2020 WL 5758917, at *16 (S.D.N.Y. Sept. 28, 2020) (The public "has a protectable interest in being free from confusion, deception and mistake[.]").

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 65, and in accordance with the Court's findings that Plaintiff's Motion established that Plaintiff has a likelihood of success on the merits, that no adequate remedy at law exists, and that Plaintiff will suffer irreparable harm if the injunction is not granted.

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons in concert and participation with them, are **PRELIMINARILY ENJOINED** from any of the following, effective immediately upon issuance of this Order:

1. creating, distributing, circulating, selling, advertising, marketing, promoting, or otherwise offering for sale or causing to be sold any products that infringe Plaintiff's SATOSHISTREETBETS trademark, including but not limited to, $SSB and SatoshiStreetBets NFTs;

2. offering, advertising, marketing, or promoting any services that infringe Plaintiff's SATOSHISTREETBETS trademark, including but not limited to, offering online communities under the SATOSHISTREETBETS name, including the @SatoshiStreetBets, @SatoshiStreetbetsAnnouncements, @SSB Token Official Telegram accounts; @SatoshiStreetBets and @BetsPodcast Twitter accounts; the Satoshi Street Bets Podcast YouTube page; and Defendants' websites – ssbtoken.com and ssbvip.com; and offering any promotional services including a SATOSHISTREETBETS Satellite Radio Show or Shark Tank-inspired program;

3. representing, by any means whatsoever, that any products or services created, distributed, circulated, advertised, offered, or sold by Defendants are Plaintiff's

      products or services or vice versa, or from otherwise acting in any way likely to cause consumer confusion, mistake, or deception as to the origin or sponsorship of such products or services;

4. promoting its products or services as "the only" or "the original" SATOSHISTREETBETS;

5. otherwise competing unfairly with Plaintiff in any manner; and

6. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Preliminary Injunction.

**IT IS FURTHER ORDERED** that Defendants shall turn over control of any and all social media accounts and/or domain names that have infringed DHC's trademarks, including without limitation each account and domain name controlled by Defendants identified in Plaintiff's Verified Complaint.

**IT IS FURTHER ORDERED** that Defendants shall file a notice, in writing and under oath, no later than thirty days from the entry of this Preliminary Injunction, setting forth in detail the manner and form in which Defendants have complied with the requirements of this Preliminary Injunction.

**IT IS FURTHER ORDERED** that no bond shall be required in this matter.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 23.

**SO ORDERED.**

Dated: _____July 20_____, 2022

Hon. Ronnie Abrams
United States District Court Judge