UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
DIAMOND HANDS CONSULTING LTD.,                   :
:
                Plaintiff,                           :
:
      v.                                                                :    No. 21 CV 11223
:
KYLE R. BONGERS  (a/k/a "BTCVIX" AND             :
"DARTHVIX"); HURLEY BLAKE STARLING                :
(a/k/a "DR. CRYPTO VENDOR"); NOAH                :
KAZLOW (a/k/a "NIKOLAI WHITE" AND                :
"NIKO"); AND JOHN DOE 1;                                  :
:
                Defendants.                        :
:
-------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT NOAH KAZLOW

WHEREAS, the Court has considered Plaintiff Diamond Hands Consulting Limited's (together with its predecessors in interest, "DHC"), Motion for Preliminary Injunction (the "Motion"), and has reviewed the evidence before it.

WHEREAS, DHC, through its Motion and supporting evidence, has demonstrated a likelihood of success on the merits of its claims against Defendant Noah Kazlow ("Kazlow") for federal false designation of origin, common law trademark infringement, and violations of New York General Business Law's prohibitions on unfair competition, deceptive acts and practices, and dilution because the Court finds that:  (1) DHC has a protectable interest in its SATOSHISTREETBETS trademark; (2) Kazlow is not licensed or otherwise authorized to use DHCs SATOSHISTREETBETS trademark; (3) Kazlow's infringing uses of the SATOSHISTREETBETS trademark in connection with his online communities and related

services, including the SatoshiStreetBets podcast, are causing a likelihood of confusion as to origin, affiliation, association, or sponsorship between Kazlow and DHC.

WHEREAS, Kazlow's continued and unauthorized use of SATOSHISTREETBETS irreparably harms DHC by unfairly capitalizing on and diminishing the goodwill of DHC's SATOSHISTREETBETS trademark, impairing the signifying power of the SATOSHISTREETBETS trademark and diminishing DHC's potential sales opportunities, including its sales opportunities with respect to SatoshiSwap, the official cryptocurrency of SATOSHISTREETBETS.

WHEREAS, monetary damages fail to adequately address this harm, and therefore DHC has no adequate remedy at law.

WHEREAS, the balance of harms associated with this Preliminary Injunction favors DHC, and the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Kazlow's actions. *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 193 (1985) ("[A] sound public policy requires that trademarks should receive nationally the greatest protection that can be given them."); *Goat Fashion Ltd v. 1661, Inc.*, No. 19 Civ. 11045, 2020 WL 5758917, at *16 (S.D.N.Y. Sept. 28, 2020) (The public "has a protectable interest in being free from confusion, deception and mistake[.]").

**IT IS HEREBY ORDERED** that DHC's Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 65 and in accordance with the Court's findings that DHC's Motion established that DHC has a likelihood of success on the merits, that no adequate remedy at law exists, and that DHC will suffer irreparable harm if the injunction is not granted.

**IT IS FURTHER ORDERED** that Kazlow and his agents, servants, employees, attorneys, and all other persons in concert and participation with him, are **PRELIMINARILY ENJOINED** from any of the following, effective immediately upon issuance of this Order:

1. offering, advertising, marketing, or promoting any services that infringe DHC's SATOSHISTREETBETS trademark, including but not limited to, offering online communities under the SATOSHISTREETBETS name, including the @SatoshiBusinessAssociation and @NikolaiWhite Telegram accounts; @BetsPodcast Twitter accounts; and the Satoshi Street Bets Podcast YouTube page;

2. representing, by any means whatsoever, that any products or services created, distributed, circulated, advertised, offered, or sold by Kazlow are DHC's products or services or vice versa, or from otherwise acting in any way likely to cause consumer confusion, mistake, or deception as to the origin or sponsorship of such products or services;

3. otherwise competing unfairly with DHC in any manner; and

4. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Preliminary Injunction.

**IT IS FURTHER ORDERED** that Kazlow shall turn over control of any and all social media accounts and/or domain names that have infringed DHC's trademarks, including without limitation each account and domain name controlled by Kazlow identified in DHC's First Amended Verified Complaint.

**IT IS FURTHER ORDERED** that Kazlow shall file a notice, in writing and under oath, no later than thirty days from the entry of this Preliminary Injunction, setting forth in detail the manner and form in which he has complied with the requirements of this Preliminary Injunction.

**IT IS FURTHER ORDERED** that no bond shall be required in this matter.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 42.

**SO ORDERED.**

Dated: _____July 20_____, 2022

_____
Hon. Ronnie Abrams
United States District Court Judge