```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/07/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIAMOND HANDS CONSULTING LTD.,

                Plaintiff,

v.

KYLE R. BONGERS, *also known as* BTCVIX and DARTHVIX, HURLEY BLAKE STARLING, *also known as* DR. CRYPTO VENDOR, JOHN DOE 1, and NOAH KAZLOW, *agent of Nikolai White and Niko*,

                Defendants.

21-CV-11223 (RA) (SN)

ORDER

---

RONNIE ABRAMS, United States District Judge:

It is hereby ORDERED that:

The following profiles and domain names are covered by the turnover requirement of the Preliminary Injunction Orders (collectively, the "Social Media Accounts"):

| **Platform** | Handles or Domain Names |
|---|---|
| Telegram | @SatoshiStreetBets |
| | @SSBTokenOfficial |
| | @SatoshiStreetBetsAnnouncements |
| | @SatoshiSwap |
| | @SSB_SatoshiBot |
| | @SatoshiBusinessAssociation |
| Twitter | @Betspodcast |
| Gettr | @SatoshiStbets |
| Website | ssbtoken.com |
| | ssbvip.com |

| Instagram | @officialsatoshistreetbets[1] |
| --- | --- |
| Twitch | @SatoshiStreetBets |
| | @Betspodcast |
| YouTube | SatoshiStreetBets podcast, (https://youtube.com/channel/UCuvw3AlJmW-db0OTWNd1I-Q) |

It is FURTHER ORDERED that within fourteen (14) days of being served with this Order, Telegram Messenger, Inc.; Twitter, Inc.; GETTR USA, Inc.; Google LLC (owner of YouTube); Meta Platforms, Inc. (owner of Instagram); Amazon.com, Inc. (owner of Twitch); and VeriSign, Inc. (the "Platforms") shall certify to the Court in a letter filed on the docket of this case that either: (1) they have both disabled (meaning rendered inaccessible to the public) and preserved (meaning that any relevant content, metadata, or other information is retained in the Platform's control and protected from deletion) the Social Media profiles and domains operated or hosted on their respective platforms; or (2) they are technically unable to both disable and preserve the Social Media profiles and domains that are hosted on their respective platforms.

In the event that any Platform informs the Court that it is technically unable to both disable and preserve any Social Media profile(s) or domains, the Court will then determine whether it is appropriate to appoint an escrow agent to do so and, if so, who that escrow agent will be.

It is FURTHER ORDERED that, within seven (7) days of the entry of this Order, Defendants shall file on the docket certificates of service of this Order as to each of the Platforms on which they operate Social Media profiles or domains, provided that service on any such Platform by any one Defendant shall suffice to discharge the obligation of the other Defendants to

---

[1] As the named Defendants have represented that they do not own the Instagram account @officialsatoshistreetbets, Plaintiff should seek a subpoena on non-party Instagram in order to obtain the identity of the owner of this account. *See, e.g.*, *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 559 (S.D.N.Y. 2004).

effect service.

It is LASTLY ORDERED that the three contested Telegram accounts (Account Numbers -1001449502197, currently @DGENProtocol; -1001347606273, currently @DGENLabs; and -1001239485715, currently @DGENLabsAnnouncements) are not subject to the turnover order and that Defendants are thus permitted to maintain possession of these accounts. Nonetheless, no later than October 31, 2022, Defendants are directed to shield from view any allegedly infringing historical content that appears on these accounts and shall file a letter on that date confirming that they have done so.

SO ORDERED.

Dated:   October 7, 2022
         New York, New York

Ronnie Abrams
United States District Judge